IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**RUIE ELLEN HARRIS,**

      **Plaintiff,**

      **v.**                                   Civil Action 2:17-cv-131
                                             Judge James L. Graham
                                             Magistrate Judge Chelsey M. Vascura

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**


## REPORT AND RECOMMENDATION

Plaintiff, Ruie Ellen Harris, brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits and Supplemental Security Income. This matter is before the United States Magistrate Judge for a Report and Recommendation on Plaintiff's Statement of Errors (ECF No. 11), the Commissioner's Memorandum in Opposition (ECF No. 16), Plaintiff's Reply (ECF No. 17), and the administrative record (ECF No. 10). For the reasons that follow, it is **RECOMMENDED** that the Court **OVERRULE** the Plaintiff's Statement of Errors and **AFFIRM** the Commissioner of Social Security's non-disability finding.

### I.  BACKGROUND

Plaintiff protectively filed her application for a period of disability, Disability Insurance Benefits, and Supplemental Security Income on October 11, 2013, alleging that she had been disabled since April 3, 2012. An administrative law judge ("ALJ") held a hearing on November 6, 2015, at which Plaintiff, represented by counsel, appeared and testified. Kathleen M. Doehla, a vocational expert, also testified. On November 19, 2015, the ALJ issued a decision finding that

Plaintiff suffered from two severe impairments: schizoaffective disorder depressive type and post-traumatic stress disorder. (ECF No. 10, PAGEID # 65). The ALJ found, however, that Plaintiff was not disabled within the meaning of the Social Security Act. (ECF No. 10, PAGEID # 70). On December 14, 2016, the Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the Commissioner's final decision. Plaintiff then timely commenced this action.

In her Statement of Errors, Plaintiff raises two arguments: (1) the ALJ failed to include all of the relevant concentration, persistence, and pace limitations and all of the relevant social limitations in his Residual Functional Capacity ("RFC") determination or to explain the omission of certain limitations and (2) the ALJ failed to adequately consider the opinion of Dr. Denise Kohler, a consultative examiner from the Ohio Department of Job and Family Services. Plaintiff argues that the RFC does not appropriately account for her concentration, persistence, and pace limitations and that it mischaracterizes her social limitations. With respect to Dr. Kohler's opinion, Plaintiff argues that the ALJ rejected some of the most severe limitations supported by Dr. Kohler without correctly evaluating and examining them.

In her memorandum in opposition, the Commissioner asserts that the ALJ incorporated the substance of the concentration, persistence, and pace limitations, as well as, the social limitations that are the basis for the Plaintiff's first statement of error and that any minor difference in the wording of those limitations is inconsequential. The Commissioner also asserts that the ALJ appropriately evaluated Dr. Kohler's opinion in light of improvements in Plaintiff's impairments from the time of Dr. Kohler's examination to the date of the hearing. The Commissioner argues, therefore, that the record as a whole supports the ALJ's assessment of

2

Plaintiff's RFC.

## II. THE RECORD[1] and ADMINISTRATIVE DECISION

Plaintiff's first statement of error relates to the following portion of the ALJ's RFC determination: "work is limited to simple routine and repetitive tasks in a work environment free of fast paced production requirements involving only simple work related decisions with few, if any, work place changes, only brief and superficial interaction with public, only occasional interaction with co-workers, no tandem tasks, only occasional interaction with supervisors." (ECF No. 10, PAGEID # 66). The ALJ relied upon the opinion of Dr. Kevin Edwards, a consultative examiner, and consulting State-agency psychologists in making the RFC determination. Dr. Edwards opined that Plaintiff suffered the following limitations in concentration, persistence, and pace:

- Mild difficulty with new learning, understanding, remembering and carrying out instructions;
- Moderate impairments in her ability to maintain attention and concentration; persistence and pace to perform simple and multi-stepped tasks; and
- MDD and PTSD would interfere with persistence and pace.

(ECF No. 10, PAGEID # 384). Dr. Edwards also opined, with respect to social limitations, that Plaintiff "likely would have an unfavorable response in groups." (*Id.*). The State-agency psychologists concluded that Plaintiff was "capable of simple, repetitive tasks in a setting that does not require working in tandem w/other employees or fast-pace or filling large quotas" and "limited to [occasional] superficial social interactions in a less public setting." (ECF No. 10, PAGE ID # 133).

Plaintiff's second statement of error relates to the ALJ's failure to properly evaluate and credit the opinion of Dr. Denise Kohler, who examined Plaintiff in May 2014 and determined that Plaintiff suffered from a number of marked limitations:

- The ability to maintain attention and concentration for extended periods;
- The ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances;
- The ability to sustain an ordinary routine without special supervision;
- The ability to work in coordination with or proximity to others without being distracted by them;
- The ability to complete normal a workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods;
- The ability to accept instructions and respond appropriately to criticism from supervisors;
- The ability to get along with coworkers or peers without distracting them or exhibiting behavioral symptoms;
- The ability to travel in unfamiliar places or use public transportation; and
- The ability to set realistic goals or make plans independently of others.

(ECF No. 10, PAGE ID #399). Dr. Kohler further determined that Plaintiff suffered from the following moderate limitations:

- The ability to understand and remember detailed instructions;

---

[1]This discussion is limited to evidence bearing on the contentions of error Plaintiff raises

- The ability to carry out detailed instructions;

- The ability to make simple work-related decisions;

- The ability to interact appropriately with general public;

- The ability to ask simple questions or request assistance;

- The ability to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness;

- The ability to respond appropriately to changes in the work setting; and

- The ability to be aware of normal hazards and take appropriate precautions.

(*Id.*). Dr. Kohler opined that Plaintiff was unemployable as of May 2014. (*Id.*). The ALJ gave little weight to Dr. Kohler's opinion because of significant improvements in Plaintiff's condition from May 2014 to November 2015, when the administrative hearing took place.

On the basis of the RFC, as determined by the ALJ, the vocational expert testified that Plaintiff could perform at least 122,300 jobs that existed in the national economy. (ECF No. 10, PAGE ID # 95). Relying on the vocational expert's testimony, the ALJ concluded that Plaintiff was not disabled. (ECF No. 10, PAGE ID # 70).

### III. STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by

---

in his Statement of Errors. (ECF No. 11.)

substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009)(quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

## IV. ANALYSIS

The Court is not persuaded that the ALJ erred in either of the ways that Plaintiff has asserted. The ALJ's RFC determination took the limitations suggested by Kevin Edwards and the consulting psychologists into account, even if the wording of the RFC does not mirror those limitations precisely. Moreover, the ALJ explained his basis for affording little weight to Dr. Denise Kohler's opinion, and the Court concludes that substantial evidence supports the ALJ's decision in that regard.

**A.** **Limitations in the RFC**

Plaintiff's assertion that the RFC did not reflect the limitations in concentration, persistence, and pace or the social limitations supported by the opinions of the psychological

6

experts whose opinions the ALJ assigned weight is not persuasive. The RFC adequately encompasses those limitations.

"In order for a VE's testimony to constitute substantial evidence that a significant number of jobs exists, the questions must accurately portray a claimant's physical and mental impairments." *Cole v. Astrue*, 661 F.3d 931, 939 (6th Cir. 2011). In formulating the hypothetical question, an ALJ is "required to incorporate those limitations accepted as credible by the finder of fact." *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993).

A plaintiff's RFC "is defined as the most a [plaintiff] can still do despite the physical and mental limitations resulting from her impairments." *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 155 (6th Cir. 2009); *see also* 20 C.F.R. §§ 404.1545(a), 416.945(a). The determination of RFC is an issue reserved to the Commissioner. 20 C.F.R. §§ 404.1527(e), 416.927(e). Nevertheless, substantial evidence must support the Commissioner's RFC finding. *Berry v. Astrue*, No. 1:09CV000411, 2010 WL 3730983, at *8 (S.D. Ohio June 18, 2010).

When the experts whose opinions the ALJ has afforded weight suggest specific limitations, the ALJ may not eliminate or generalize those limitations without explaining the basis for doing so. *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516-17 (6th Cir. 2010). The ALJ is not, however, required to use "the exact language of [the] professionals" when incorporating limitations in the RFC. *Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 436 (6th Cir. 2014). In *Smith-Johnson*, the Sixth Circuit considered an RFC that restricted the plaintiff to "simple, routine, and repetitive tasks" and concluded that it sufficiently accounted for moderate

limitations in ability to maintain attention and concentration for extended periods and ability to respond to changes at work. *Id.* at 437.

This Court's analysis of the RFC limiting Plaintiff to "simple routine and repetitive tasks in a work environment free of fast paced production requirements involving only simple work related decisions with few, if any, work place changes" is very similar to the analysis *Smith-Johnson*. The specific concentration, persistence and pace limitations supported by Kevin Edwards and the State consulting psychologists were as follows:

- Mild difficulty with new learning, understanding, remembering and carrying out instructions;

- Moderate impairments in her ability to maintain attention and concentration; persistence and pace to perform simple and multi-stepped tasks;

- MDD and PTSD would interfere with persistence and pace; and

- capable of simple, repetitive tasks in a setting that does not require working in tandem w/other employees or fast-pace or filling large quotas.

(ECF No. 10, PAGE ID ## 133, 384). The persistence and pace limitations are adequately encompassed in the "free of fast paced production requirements involving only simple work related decisions" language in the RFC. The suggested concentration limitations amount to difficulty with learning new tasks and learning and remembering instructions. Those limitations are adequately encompassed in the "simple routine and repetitive tasks" and "only simple work related decisions with few, if any, work place changes" language in the RFC.

The Court is likewise unpersuaded by Plaintiff's assertion that the RFC did not reflect the social limitations suggested by the experts to whose opinions that ALJ gave weight. The RFC

8

included the following language related to social limitations: "only brief and superficial interaction with public, only occasional interaction with co-workers, no tandem tasks, only occasional interaction with supervisors." (ECF No. 10, PAGE ID # 66). Kevin Edwards opined that Plaintiff would not work well in groups, and the State consulting psychologist opined that Plaintiff was "limited to [occasional] superficial social interactions in a less public setting." (ECF No. 10, PAGE ID ## 133, 384). The RFC is at least as restrictive. The difference in wording from the expert's opinions to the ALJ's RFC does not undermine that conclusion. *See Smith-Johnson*, 579 F. App'x at 436. Accordingly, it is recommended that the Court overrule Plaintiff's first statement of error.

**B.     Dr. Kohler's Opinion**

Plaintiff's assertion that the ALJ improperly rejected Dr. Kohler's opinion without explaining the basis for doing so has no merit. The ALJ explained that Dr. Kohler's opinion was no longer persuasive by the time of the administrative hearing in light of significant improvements in Plaintiff's condition.

The opinion of a non-treating psychologist is typically entitled to less deference than that of a treating provider. *See, e.g., Gaskin v. Comm'r of Soc. Sec.*, 280 F. App'x 472, 476 (6th Cir. 2008) (citing *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003)). When substantial evidence in the record supports the ALJ's basis for rejecting or affording little weight to a non-treating provider's opinion, this Court will not find error. *Id.* (citing *Mullins v. Sec'y of Health & Hum. Servs.*, 836 F.2d 980, 984 (6th Cir. 1987)).

Plaintiff correctly observes that Dr. Kohler found her to be much more limited in several respects than the RFC reflects. The ALJ concluded, however, that Plaintiff's condition

9

"improved greatly" from May 2014, when Dr. Kohler examined her, to November 2015, when the administrative hearing took place and, therefore, gave little weight to Dr. Kohler's opinion. (ECF No. 10, PAGE ID # 69). The ALJ's conclusion is amply supported by evidence in the record.

Most significantly, the records from Plaintiff's treatment at New Horizons Mental Health Services for the period beginning in December 2014 and continuing to July 2015 show improvement in mood, depression, energy, motivation, irritability, concentration, incidences of auditory hallucinations (ECF No. 10, PAGE ID ## 397-415). The ALJ cited those records as the primary basis for giving little weight to Dr. Kohler's opinion. (ECF No. 10, PAGE ID # 69). Plaintiff's assertion that the ALJ failed to properly evaluate Dr. Kohler's opinion is inaccurate. For those reasons, it is recommended that the Court overrule Plaintiff's second statement of error.

## V. DISPOSITION

In sum, substantial evidence supports the ALJ's decision denying benefits. Accordingly, it is **RECOMMENDED** that the Court **OVERRULE** Plaintiff's Statement of Errors and **AFFIRM** the Commissioner of Social Security's decision.

## VI. PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, he may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy.

Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE