IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Ruie Ellen Harris,

    Plaintiff,

    v.                      Case No. 2:17-cv-131

Commissioner of
Social Security,

    Defendant.

<u>ORDER</u>

Plaintiff Ruie Ellen Harris brings this action under 42 U.S.C. §§405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for disability insurance benefits and supplemental security income. In a decision dated November 19, 2015, the administrative law judge ("ALJ") found that plaintiff had severe impairments consisting of schizoaffective disorder depressive type, and post-traumatic stress disorder. PAGEID 65. After considering the entire record, the ALJ found that plaintiff's residual functional capacity ("RFC") would permit her to perform work at all exertional levels, but

> work is limited to simple routine and repetitive tasks in a work environment free of fast paced production requirements involving only simple work related decisions with few, if any, work place changes, only brief and superficial interaction with [the] public, only occasional interaction with co-workers, no tandem tasks, [and] only occasional interaction with supervisors.

PAGEID 66. After considering the testimony of a vocational expert, the ALJ decided that there were jobs which plaintiff could perform and that plaintiff was not disabled. PAGEID 69-70.

This matter is before the court for consideration of plaintiff's November 6, 2017, objections to the October 23, 2017,

report and recommendation of the magistrate judge recommending that the decision of the Commissioner be affirmed. The government has filed a response to the objections.

I. Standard of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). Put another way, a decision supported by substantial evidence is not subject to reversal, even if the reviewing court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting

*Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

II. Objections

A. RFC Determination

Plaintiff argues that the RFC formulated by the ALJ failed to specifically address plaintiff's limitations in the areas of concentration, persistence, pace, and social functioning as discussed in the November 19, 2013, report of consulting psychologist Kevin J. Edwards, Ph.D., the December 6, 2013, report of state agency psychologist Vicki Warren, Ph.D., and the March 29, 2014, report of state agency psychologist Robyn Hoffman, Ph.D. The court agrees with the magistrate judge's analysis of the RFC, and with her conclusion that this objection is not well taken.

A claimant's RFC is the most that a claimant can do despite his or her limitations. 20 U.S.C. §404.1545(a)(1). Disability is determined by the functional limitations imposed by a condition, not the mere diagnosis of it. *Hill v. Comm'r of Soc. Sec.*, 560 F.App'x 547, 551 (6th Cir. 2014). In making the RFC determination, the ALJ must evaluate all the medical evidence as well as the claimant's testimony. *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004). The ALJ, not a medical expert, ultimately determines the claimant's RFC. *Coldiron v. Comm'r of Soc. Sec.*, 391 F.App'x 435, 439 (6th Cir. 2010); 20 C.F.R. §§404.1527(e)(2) and 404.1546(c). An ALJ's decision to give weight to medical opinion evidence does not require the ALJ to incorporate every restriction proposed by the medical source. *Salisbury v. Comm'r of Soc. Sec.*, No. 5:11-CV-2277, 2013 WL 427733, *7 (N.D. Ohio Feb. 1, 2013). The ALJ is not required to describe the claimant's limitations using the exact language of those medical sources as

3

long as substantial evidence demonstrates that the ALJ adequately portrayed the claimant's limitations in the RFC. *See Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 436 (6th Cir. 2014).

Dr. Edwards noted in his report that plaintiff had mild impairment with new learning, and that she "may have some difficulty with more detailed instructions." PAGEID 384. Dr. Edwards also concluded that plaintiff's mental conditions resulted in moderate impairment which "would interfere with persistence and pace[.]" PAGEID 384. Dr. Edwards further noted that, although plaintiff got along with coworkers, had good social skills, and had no history of problems with supervisors, "she likely would have an unfavorable response in groups, becoming fearful and wanting to flee." PAGEID 384. Dr. Edwards also noted that during the examination, the "essentially untreated symptoms of GAD [General Anxiety Disorder] and Dysthemic Disorder created a loss of energy, slow cognitive processing, [and] psychomotor retardation, and caused emotional reactions. It is my opinion that these symptoms would increase as perceived stress increased." PAGEID 384. None of these reported impairments were phrased in terms of a specific job restriction, nor did Dr. Edwards express the opinion that any of these impairments would preclude plaintiff from working.

Dr. Warren concluded that plaintiff is "capable of low stress jobs in a setting that does not require working in tandem w/other employees" and that she could "make simple work related decisions." PAGEID 107. She observed that plaintiff "remain[s] capable of simple work in a low stress environment." PAGEID 110. Dr. Hoffman opined that plaintiff "is capable of simple, repetitive tasks in a setting that does not require working in tandem w/other employees

4

or fast-pace or filling large quotas." PAGEID 133. She further observed that plaintiff "is limited to occas'l superficial social interactions in a less public setting" and that plaintiff can "make simple work related decisions in a predictable work environment where changes are infrequent." PAGEID 134. She concluded that plaintiff could "perform simple jobs that do not involve working closely with others." PAGEID 137.

The ALJ stated that the RFC was supported by the opinion of Dr. Edwards. PAGEID 69. The ALJ also noted that Dr. Hoffman's opinion that plaintiff "could do simple work in a predictable work environment where changes are infrequent" was "given weight consistent with my RFC finding." PAGEID 69. The ALJ also specifically referred to Dr. Warren's opinion that plaintiff "could do simple work." PAGEID 69. In crafting the restrictions included in the RFC, the ALJ, to a large extent, used the exact language employed by the experts, and otherwise adequately captured the gist of those limitations. The ALJ also considered plaintiff's behavior at the hearing, noting that plaintiff "was able to participate in [the] hearing closely and fully without being distracted, and respond to questions in [an] appropriate manner[.]" PAGEID 69.

Dr. Edwards' observations of plaintiff's mild impairment in new learning and difficulty with more detailed instructions are addressed in the RFC by limiting plaintiff to "simple routine and repetitive tasks" and work "involving only simple work related decisions with few, if any, work place changes[.]" PAGEID 69. These restrictions also adequately address Dr. Warren's opinion that plaintiff could "make simple work related decisions" and Dr. Hoffman's opinion that plaintiff can "make simple work related

5

decisions in a predictable work environment where changes are infrequent." PAGEID 69, 107, 134. Dr. Edwards' opinion that plaintiff's mental conditions resulted in moderate impairment which "would interfere with persistence and pace" and Dr. Hoffman's recommendation that plaintiff's employment not involve a fast pace or filling large quotas are taken into account by the above RFC restrictions limiting plaintiff to simple, routine and repetitive tasks, as well as by the limitation that plaintiff be employed "in a work environment free of fast paced production requirements[.]" PAGEID 69, 133, 384.

Despite the fact that Dr. Edwards noted that plaintiff got along with coworkers, had good social skills, and had no history of problems with supervisors, the ALJ nonetheless took into account his opinion that plaintiff "likely would have an unfavorable response in groups" by including in the RFC the requirement that plaintiff have "only occasional interaction with co-workers" and "only occasional interaction with supervisors[.]" PAGEID 69, 384. The ALJ addressed the recommendations of Drs. Warren and Hoffman that plaintiff have employment which does not require working in tandem with other employees by including in the RFC the requirement that there be "no tandem tasks[.]" PAGEID 69, 107, 133. The RFC also took into account Dr. Hoffman's recommendation that plaintiff be limited to occasional "superficial social interactions in a less public setting" by specifying that plaintiff have "only brief and superficial interaction with [the] public[.]" PAGEID 69, 134. All of the restrictions in the RFC are designed to result in a low-stress work environment.

The court concludes that the ALJ adequately portrayed

6

plaintiff's limitations in the RFC, that he adequately explained his RFC findings, and that his RFC determinations are supported by substantial evidence. This objection is not well taken.

B. Consideration of the Opinion of Denise A. Kohler, Ph.D.

Plaintiff also disagrees with the magistrate judge's conclusion that the ALJ adequately explained his reasons for assigning little weight to the opinion of Dr. Kohler, a consulting psychologist with the Ohio Department of Job and Family Services who evaluated plaintiff in connection with plaintiff's application for a Medicaid card. In her May 2, 2014, report, Dr. Kohler opined that plaintiff has both marked and moderate limitations which rendered her unemployable. PAGEID 443-451. The ALJ gave Dr. Kohler's opinion little weight. PAGEID 69.

Because Dr. Kohler was a consultative examiner, the ALJ was not obligated to give "good reasons" for the weight assigned to his opinion. *Ealy*, 594 F.3d at 514; *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007). A formulaic recitation of factors is not required. *See Friend v. Comm'r of Soc. Sec.*, 375 F.App'x 543, 551 (6th Cir. 2010). An ALJ's failure to cite specific evidence does not indicate that it was not considered. *Simons v. Barnhart*, 114 F.App'x 727, 733 (6th Cir. 2004).

The ALJ stated that he gave Dr. Kohler's opinion little weight because plaintiff's condition had greatly improved over the twelve months since Dr. Kohler's evaluation. PAGEID 69. As support for this conclusion, the ALJ cited his thorough discussion, included earlier in the decision, of the records of plaintiff's treatment at New Horizons Mental Health Services from December, 2013, through July, 2015. *See* PAGEID 68. As the magistrate judge noted, Doc.

7

18, p. 10, these records reported improvement in mood, depression, energy, motivation, irritability, concentration, and incidences of auditory hallucinations. The ALJ also noted that the November 19, 2013, report of Dr. Edwards, the December 6, 2013, report of Dr. Warren, and the March 29, 2014, report of Dr. Hoffman (roughly within the same time frame as Dr. Kohler's May 2, 2014, report) all expressed the opinion that plaintiff was capable of simple work. PAGEID 69.

Plaintiff argues that the ALJ's statements that "there is nothing in the record subsequent to Dr. Hoffman's opinion [that plaintiff was capable of simple work] ... to find otherwise" and that there was no "finding of disabled by a governmental ... Agency[,]" *see* PAGEID 69, are inaccurate, citing Dr. Kohler's opinion. However, even if these statements are not strictly accurate, they must be considered in the context of the ALJ's decision to give Dr. Kohler's opinion little weight, a decision which is supported by substantial evidence in the record. The court construes these statements to mean that the ALJ concluded that there was no credible opinion entitled to significant weight which contradicted the other experts' findings that plaintiff was capable of simple work and was not disabled. As to the latter statement, the court also notes that the determination of whether plaintiff is disabled is one reserved to the Commissioner. *See* 20 C.F.R. §416.927(d)(1); *Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007).

The court agrees with the magistrate judge's recommendation that this objection should be denied.

III. Conclusion

In accordance with the foregoing, the court concludes that the ALJ's finding of nondisability is supported by substantial evidence. The plaintiff's objections (Doc. 19) are denied. The court adopts and affirms the magistrate judge's report and recommendation (Doc. 18). The Commissioner's decision is affirmed, and this action is dismissed. The clerk shall enter final judgment affirming the decision of the Commissioner.

It is so ordered.

Date: November 17, 2017            s/James L. Graham
                                   James L. Graham
                                   United States District Judge